Dear Mr. Hamilton:
This opinion is in response to your question asking:
 "Are the provisions of paragraph 3 of Section 162.111 RSMo 1969 superseded by the new comprehensive election law? If they are, who now pays the costs of the election for the county school board?"
You also state:
 "Callaway County presently has a county school board. The election for that school board is held at the April election each year. In the past the county has followed the provisions of paragraph 3 of Section 162.111 and the school districts of the county have paid for that election in the proportion that their assessed valuation bears to the assessed valuation of the entire county. The new comprehensive election law has now passed and there is some indication that this new law has superseded all other election laws. Therefore, the Callaway County Clerk needs to know who will bear the costs of the county school board election in April of this year."
In Opinion No. 228-1977, this office concluded that the Comprehensive Election Act repeals by implication contrary provisions such as Section 247.180, RSMo 1976, relating to water district elections and Section 190.055, RSMo Supp. 1975, relating to ambulance district elections. You have a copy of that opinion.
We believe that the situation is different here. The Comprehensive Election Act of 1977, (Section 2.515 of House Bill No. 101, First Regular Session, 79th General Assembly) Section 115.065, provides:
 "1. Except as provided in sections 115.067, 115.069, 115.071, and 115.073, when any question or candidate is submitted to a vote by two or more political subdivisions or special districts at the same election, all costs of the election shall be paid proportionally from the general revenues of all political subdivisions and special districts submitting a question or candidate at the election.
 "2. Proportional election costs paid under the provisions of subsection 1 of this section and section 115.067 shall be assessed by charging each political subdivision and special district the same percentage of the total cost of the election as the number of registered voters of the political subdivision or special district on the day of the election is to the total number of registered voters on the day of the election, derived by adding together the number of registered voters in each political subdivision and special district submitting a question or candidate at the election."
Section 162.111, RSMo, referring to elections for county board of education members, provides:
 "1. There is created in each second, third and fourth class county in this state a county board of education whose members shall be elected by popular vote at the annual school election held on the first Tuesday in April in each year. Each member shall be a citizen of the United States and of the state of Missouri; a resident householder and voter of the county, and shall be not less than twenty-four years of age. Nominations for board members shall be filed with the secretary of the county board of education at least thirty days before the election. The county board of education shall prepare ballots and publish notice for such election in the same manner as for boards of education in school districts.
 "2. At the annual school election next following October 13, 1963, six members shall be elected whose terms shall be determined at the first meeting of the board subsequent to the election as follows: In each county court district the member receiving the highest number of votes shall serve for three years, the member receiving the next highest number of votes shall serve for two years, and the member receiving the least number of votes shall serve for one year. Thereafter, each member shall serve for three years. Not more than three members shall be elected from one county court district.
 "3. The cost of the election shall be charged to each component district of the county in the proportion that its assessed valuation bears to the assessed valuation of the entire county and shall be paid from the incidental fund."
It is our view that an election of county board of education officers conducted under Section 162.111 is not an election within the purview of Section 115.065. A county board of education is not a political subdivision or a special district.
Since the Comprehensive Election Act does not purport to apply to the election costs of county board of education members, there is no repeal by implication or otherwise of subsection 3 of Section 162.111.
We conclude that subsection 3 of Section 162.111, RSMo, governs with respect to the cost of election of such county board members.
In view of our holding that subsection 3 of Section 162.111 governs with respect to the cost of elections of county board of education members it follows that the county clerk in allocating the cost of election when cities and school districts hold elections simultaneously should first determine the total cost of holding the election less the cost of conducting the election for county board of education members and such costs should be allocated between the school districts and the cities under the formula found in Section 115.065, V.A.M.S. (Section 2.515, H.B. No. 101, 79th General Assembly), based on the ratio of registered voters. The cost of the election for county board of education members should then be allocated to each school district on the basis of valuation as provided in subsection 3 of Section 162.111 and the bill for such costs should be added to the amount to be charged to each school district as determined by applying the formula in Section 115.065, V.A.M.S.
CONCLUSION
It is the opinion of this office that subsection 3 of Section 162.111, RSMo, governs with respect to the costs of an election of the members of the county board of education.
The foregoing opinion, which I hereby approve, was prepared by my assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General